ORIGINAL

FILED

FEB - 2 2017

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |
|---|---|
| ANDRE EVERTON GRANT, | ) |
| Plaintiffs, | ) No. 16-1613C |
| v. | ) (Judge Horn) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this motion to dismiss plaintiff Andre Everton Grant's complaint. The complaint should be dismissed because the Court lacks jurisdiction to entertain the Complaint because it alleges actions that sound exclusively in tort. Other than the Tucker Act, 28 U.S.C. § 1491, which does not confer jurisdiction for tort claims, plaintiff has alleged no other basis for jurisdiction in this Court.

**QUESTION PRESENTED**

1. Whether the Court has jurisdiction to entertain the complaint, which states causes of action that sound in tort.

**BACKGROUND**[1]

Mr. Grant was born in Jamaica to Jamaican parents in 1985. Compl. Ex. G at 2; *Id.* Ex. H at 1. In 2010, he was sentenced to a term of 48 months imprisonment by the United States

---

[1] We accept as true all factual allegations set forth in the complaint. In the event that the Court denies our motion as to any count or counts, we respectfully request that the Court grant us 30 days after such denial to file an answer to the complaint.

RECEIVED - USCFC

FEB - 2 2017

District Court for the District of Maryland. Compl. ¶ 1; *Id.* Ex. H at 1. After his sentencing, Department of Homeland Security's (DHS) office of Immigration and Customs Enforcement (ICE), questioned Mr. Grant's American citizenship, and instructed him to apply for a certificate of citizenship. Compl. ¶¶ 2-4. That application was denied, and Mr. Grant appealed, and proceeded to initiate and/or participate in various proceedings related to the issue of his citizenship, which lasted through 2014. *Id.* ¶¶ 4-12. In the interim, Mr. Grant was released from prison. *Id.* ¶ 11. At some point prior to the conclusion of these proceedings, Mr. Grant's son passed away in Jamaica. *Id.* ¶ 42.

In March of 2014, the Board of Immigration appeals found that Mr. Grant became a citizen by operation of the Child Citizenship Act of 2000. *Id.* Ex. G at 6 (ECF No. 25-1 at 7). He was issued a certificate of citizenship on April 16, 2014. *Id.* Ex. I. Mr. Grant filed a claim with DHS's office of Citizenship and Immigration Services (USCIS). *Id.* ¶ 15. He alleges that after USCIS failed to respond within six months, he filed the instant complaint "under 28 U.S.C. § 2675," the Federal Tort Claims Act. *Id.* Mr. Grant does not allege that he entered into any contract with the Government.

The complaint alleges jurisdiction under the Federal Torts Claims Act 28 U.S.C. § 2671 *et seq.*; the "Federal Question Act," which appears to be a reference to 28 U.S.C. § 1331; the "All Writs Act," 28 U.S.C. § 1651; and the Tucker Act, 28 U.S.C. § 1491. Compl. at 1. Mr. Grant alleges that: (1) USCIS was "negligent" in denying his citizenship, failing to send him a denial letter, and failing "to properly interpret" the applicable law; (2) ICE intentionally inflicted emotional distress on him by improperly detaining him; (3) USCIS's negligence caused the wrongful death of his son, because his illness would have been curable in the United States; (4) ICE was negligent by reopening proceedings against him after another case indicated established

2

precedent that he was a citizen and by failing to investigate his citizenship claim; and (5) USCIS injured him and violated his 4th Amendment rights by detaining him and preventing him from seeking gainful employment and/or going to school. *Id.* ¶¶ 16-25. He seeks damages of $10,040,029, plus costs and fees: $40,029 in costs he allegedly incurred "defending against deportation," and the remainder in damages for the emotional distress he allegedly incurred from his detention and the death of his son. *Id.* ¶¶ 44-48.

## ARGUMENT

### I. Standard Of Review

When deciding a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of proof to establish subject matter jurisdiction by a preponderance of the evidence *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidentiary matters outside the pleadings. *Indium Corp. of Am. v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985). Courts may also consider "'matters incorporated by reference or integral to the claim,' other matters appearing in the record of the case, and matters of public record of which the court can take judicial notice." *Bowers Inv. Co., LLC v. United States*, 104 Fed. Cl. 246, 253 (2011) (quoting *Kawa v. United States*, 77 Fed. Cl. 294, 307 (2007)); *see* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2008).

### II. The Court Lacks Jurisdiction To Entertain The Tort Claims Alleged In The Complaint

Mr. Grant's complaint is based entirely upon allegations that the Government harmed Mr. Grant by injuring him in various ways, including through its alleged negligence and intentional infliction of emotional distress. See Compl. ¶¶ 16-25. He does not allege the existence of a contract between himself and the Government, nor do the facts as alleged support the existence of such a contract. Because this Court does not have jurisdiction to hear these types of tort

3

claims, it must dismiss the complaint.

The Court of Federal Claims is a court of limited jurisdiction. It lacks jurisdiction over tort actions against the United States. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a) and *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)). The Tucker Act, one of the statutes plaintiff cites as a source of jurisdiction, provides the Court of Federal Claims with jurisdiction only to "render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." *Fid. & Guar. Ins. Underwriters, Inc. v. United States*, 805 F.3d 1082, 1087 (Fed. Cir. 2015) (quoting 28 U.S.C. § 1491(a)(1)).

In the complaint, Mr. Grant does not allege the existence of a contract, nor does he allege facts that support the existence of a contract. Instead, the complaint alleges a series of torts that are outside the Court's jurisdiction. *See Kenney Orthopedic, LLC v. United States*, 83 Fed. Cl. 35, 46 (2008) (Court of Federal Claims has "no authority to award Plaintiff damages for 'emotional distress and pain and suffering.'") (quoting *Hall v. United States*, 69 Fed. Cl. 51, 57-58 (2005) and *Pratt v. United States*, 50 Fed. Cl. 469, 482 (2001); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (negligence is a tort claim and not within Court's jurisdiction); *Brown*, 105 F.3d at 623-24 (Fourth Amendment claim outside Court of Federal Claim's jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 218 (1983) and *Murray v. United States*, 817 F.2d 1580, 1582–83 (Fed. Cir. 1987). Because these tort claims are outside of the Court's jurisdiction, the Court is required to dismiss the complaint.

III. <u>Plaintiff Has Not Alleged Any Other Legitimate Source Of Jurisdiction</u>

Mr. Grant alleges three additional sources of jurisdiction: the Federal Torts Claims Act 28 U.S.C. § 2671 *et seq.*; the "Federal Question Act," which appears to be a reference to 28 U.S.C. § 1331; and the "All Writs Act," 28 U.S.C. § 1651. Compl. at 1. However, none of these

4

statutes confers jurisdiction on the Court of Federal Claims. 28 U.S.C. § 1331 (passage cited by plaintiff as "Federal Question Act" expressly states that the "*district courts* shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and makes no mention of Court of Federal Claims); 28 U.S.C. §§ 1346(b)(1) & 28 U.S.C. § 2674 (Federal Torts Claim Act provides exclusive jurisdiction to United States District Courts); *see Robleto v. United States*, 634 F. App'x 306, 308 (Fed. Cir. 2015) ("Congress has provided that the United States District Courts have "exclusive jurisdiction" to determine the liability of the United States under the Federal Tort Claims Act. That exclusive grant to district courts excludes the Court of Federal Claims"); *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) ("It is well established that the [All Writs Act] does not expand a court's jurisdiction. . . . Rather, as explicitly stated in the [All Writs Act] itself, the Act provides for the issuance of writs "in aid of" the jurisdiction already possessed by a court.") (citation omitted).

None of the cited statutes provides this Court with any authority to hear Mr. Grant's claims against the Government, which sound entirely in tort. The Court should dismiss the complaint for lack of jurisdiction.[2]

## CONCLUSION

For these reasons, we request the Court dismiss plaintiff's complaint.

---

[2] The complaint does not allege sufficient facts to determine whether it could potentially be transferred to a District Court. *See* 28 U.S.C. § 1631; *Naskar v. United States*, 82 Fed. Cl. 319, 321 (2008) ("in order for a case to be transferred, it must meet three elements: (1) the transferring court must lack subject matter jurisdiction; (2) at the time the case was filed, the case must have been able to have been brought in the transferee court; and (3) such a transfer must be in the interest of justice.") (citing *Sanders v. United States*, 34 Fed. Cl. 75, 81–82 (1995)). The complaint does not allege sufficient facts to determine whether the second or third elements of that test are met, nor does it make clear which United States District Court would be the proper forum. See Compl. ¶¶ 12-15.

Respectfully Submitted,

CHAD A. READLER
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

*/s/ Claudia Burke*

CLAUDIA BURKE
Assistant Director

*/s/ Peter A. Gwynne*

PETER A. GWYNNE
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-8239
Facsimile: (202) 514-8640
E-mail: peter.a.gwynne@usdoj.gov

February 2, 2017    Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 2nd day of February, 2017, I caused to be sent by first class mail copies of the foregoing "RESPONDENT'S INFORMAL BRIEF AND APPENDIX" addressed to:

        ANDRE EVERTON GRANT
        1712 Sexton Place
        Bronx, NY 10469

_[signature]_